UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDUARDO DIAZ GARCIA,

      Plaintiff,

    v.

WARDEN, GLADES COUNTY
DETENTION CENTER,  U.S.
ATTORNEY GENERAL,

      Defendants.

Case No. 2:26-cv-771-KCD-NPM

—————————————————————/

## **ORDER**

Petitioner Eduardo Diaz Garcia has moved the Court to alter its judgment under Fed. R. Civ. P. 59. (Doc. 15.) The Government does not oppose the request. For the reasons below, Garcia's motion is **GRANTED IN PART**.

Federal Rule of Civil Procedure 59(e) allows a district court to alter or amend a judgment, effectively giving the court an opportunity "to rectify its own mistakes in the period immediately following its decision." *Scoma Chiropractic, P.A. v. Dental Equities, LLC*, No. 2:16-CV-41-JLB-MRM, 2022 WL 738559, at \*2 (M.D. Fla. Feb. 9, 2022). Several weeks ago, the Court denied Garcia's habeas corpus petition. (Doc. 14.) At the time, the law seemed straightforward enough: he was apprehended at the border back in 2023, making him an applicant for admission subject to mandatory detention

without a bond hearing under 8 U.S.C. § 1225. The Court told him then that his argument ran "headlong into the facts." (Doc. 14 at 4.) But as it turns out, that order has now run headlong into binding appellate precedent. The Eleventh Circuit has since changed the legal landscape, requiring a do-over here. *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026).

Under *Hernandez Alvarez*, § "1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." 2026 WL 1243395, at *14. As the Government now concedes, Garcia falls into the latter category since he is not seeking lawful entry. So, the "[f]ederal regulations provide that [he] receive a bond hearing." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).

"[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Garcia is an alien without lawful status. That means he is entitled to a bond hearing under § 1226(a), not immediate release or anything else. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will require the Government to provide Garcia with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

Accordingly, the Motion to Reargue and Amend the Judgment (Doc. 15) is **GRANTED AS PROVIDED ABOVE**. The Clerk is directed to reopen the case and enter judgment in Garcia's favor as per this order. The Court's prior order (Doc. 14) is **VACATED**. The Government must provide Garcia with the statutory process required under § 1226, which includes a bond hearing. All other or different relief sought in the habeas petition is **DENIED**. Once the new judgment is entered, the Clerk is directed to again close the case.

**ORDERED** in Fort Myers, Florida on May 19, 2026.

Kyle C. Dudek
United States District Judge

3